**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RICARDO RAMIREZ LOPEZ a/k/a** | ) |
| **ROBERTO DIAZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CROSSHILL CONSTRUCTION INC.** | ) |
| **and JOHN HASSETT, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Ricardo Ramirez Lopez a/k/a Roberto Diaz, by and through his attorneys Becerra Law Group, LLC, for his Complaint against Crosshill Construction Inc. and John Hassett, individually (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Employee Classification Act, 820 ILCS 185/1 *et seq.* ("ECA") for Defendants' failure to pay overtime wages to Plaintiff and Defendants' failure to classify Plaintiff as an "employee" as defined by the ECA.

2.      Plaintiff was an hourly paid employee who customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.  Plaintiff was also misclassified as an independent contractor.

1

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

5.     Plaintiff Ricardo Ramirez Lopez a/k/a Roberto Diaz resides and is domiciled in this judicial district.

6.     Plaintiff Ricardo Ramirez Lopez is a former employee of Defendants who was employed by Defendants in this judicial district.  During the course of his employment, Plaintiff Ramirez Lopez handled goods that moved in interstate commerce, including sheet rock and nails.

7.     Defendant Crosshill Construction Inc. (hereinafter "Crosshill"), is an Illinois corporation doing business within this judicial district. Defendant Crosshill is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8.     Defendant Crosshill was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the ECA, 820 ILCS 185/5.

9.     Defendant John Hassett is the President of Crosshill and is involved in the day-to-day business operation of Crosshill.  Among other things, Defendant John Hassett has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has

the authority to participate in decisions regarding employee compensation and capital expenditures.

10.     Defendant John Hassett was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the ECA, 820 ILCS 185/5.

11.     Defendant John Hassett resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

12.     Defendants operate a construction company.

13.     Plaintiff was employed by Defendants from 2013 to August 2015 as a laborer.

14.     Defendants managed all aspects of Plaintiff's work, including the number of hours he worked.

15.     Defendants furnished the tools and supplies used by Plaintiff to perform his work.

16.     Defendants dictated, controlled, and ratified the wages earned and hours worked by Plaintiff and were responsible for all related employee compensation policies.

17.     Defendants maintained direct supervisory authority over Plaintiff and similarly situated employees at all times.

18.     Plaintiff was improperly classified by Defendants as independent contractor.

19.     Defendants did not pay payroll taxes and contributions for Plaintiff and other similarly situated employees to the United States and the State of Illinois that were required for employees and not required for independent contractors.

20.     Defendants had a practice and custom of providing Plaintiff with a handwritten note that listed the number of hours worked during a two week pay period and multiplying the hours listed by his hourly rate along with his pay check.

21.     Defendants failed to pay Plaintiff at a rate of one and one-half times his regular

hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

a.   For the two week pay period of March 17, 2014 through March 29, 2014, Plaintiff worked a total of 43 hours for the week ending on March 22, 2014 and worked a total of 46 hours for the week ending on March 29, 2014.  Plaintiff was paid $18 per hour for all hours worked during this pay period and was not paid the premium rate of one and one half times his regular rate for all hours over 40 in the individual work weeks during this pay period.   See attached paychecks and hours record provided by Defendants as Exhibit A.

b.   For the two week pay period of November 10, 2014 through November 22, 2014, Plaintiff worked a total of 50 hours for the week ending on November 15, 2014 and worked a total of 45 hours for the week ending on November 22, 2014.  Plaintiff was paid $19 per hour for all hours worked during this pay period and was not paid the premium rate of one and one half times his regular rate for all hours over 40 in the individual work weeks during this pay period.  See attached paychecks and hours record provided by Defendants as Exhibit B.

c.   For the two week pay period of January 19, 2015 through January 31, 2015, Plaintiff worked a total of 48.5 hours for the week ending on January 24, 2015 and worked a total of 48 hours for the week ending on January 31, 2015.  Plaintiff was paid $20 per hour for all hours worked during this pay period and was not paid the premium rate of one and one

half times his regular rate for all hours over 40 in the individual work weeks during this pay period. See attached paychecks and hours record provided by Defendants as Exhibit C.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

22.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

24.     Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25.     Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26.     During the course of his employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27.     Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

28.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked over 40 hours.

29.      Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

30.     Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31.     Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

32.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

34.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

35.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

36.     During the course of his employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

37.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular

6

hourly rate of pay for time worked in excess of 40 hours per week.

38.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

39.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

40.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Employee Classification Act – Employee Misclassification

41.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.     This count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure to properly classify Plaintiff as an "employee" and their failure to pay Plaintiff his earned wages as required by the IMWL.

43.     During the course of his employment with Defendants, Plaintiff was Defendants' "employee" as defined by the ECA, 820 ILCS 185/10.

44.     During Plaintiff's employment, Defendants controlled and supervised Plaintiff's

work, provided materials and equipment to Plaintiff, and controlled Plaintiff's work schedule, including the number of hours worked and start and end times.

45.     Plaintiff performed work that was inside the normal course of services provided by Defendants' business.

46.     Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover unpaid wages for the three years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due under the IMWL as set forth more fully in Counts II of this Complaint;

B.      Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided by the IMWL;

C.      Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D.      Statutory damages in an amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E.      Reasonable attorneys' fees and costs of this action as provided by the Employee Classification Act, 820 ILCS 185/60; and

F.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  October 9, 2015                    **RICARDO RAMIREZ LOPEZ**


By:   /s/Carlos G. Becerra
        **Attorney for Plaintiff**

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com